UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| MATTHEW LEE KEALEY,<br><br>Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>Defendant. | Case No. 5:17-cv-01774-VBF-JDE<br><br>ORDER Overruling Plaintiff's Objections and Adopting the R&R:<br><br>Affirming the Commissioner's Decision; Declining to Consider New Argument;<br><br>Directing Entry of Final Judgment |

  Pursuant to 28 U.S.C. § 636 and Fed. R. Civ. P. 72, the Court has reviewed the complaint and answer; the September 16, 2016 ALJ decision (Doc 18-3 at 18-35); the transcript of the hearing held July 8, 2016 (Doc 18-3 at 41-63); medical and developmental records (Docs 18-6 thru 18-8); the Joint Stipulation (Doc 19); the Magistrate Judge's Report and Recommendation ("R&R") (Doc 21); plaintiff's objection (Doc 22); and the Commissioner's response (Doc 23). Plaintiff fails to identify any defect of law, fact, or logic in the R&R.

  Instead, plaintiff attempts to raise a new issue that he failed to include in the Joint Stipulation, "that the ALJ did not explain why he rejected Dr. Bilbrey's

opinion that plaintiff could perform one to two step tasks . . . ." Doc 23 (Commissioner's Response) at 2-3 (discussing Plaintiff's Objections at 2-3).

**The Commissioner is correct that plaintiff waived any such argument by failing to raise it in the Joint Stipulation.** *See* Doc 23 at 3 (citing *Larange v. Berryhill*, 685 F. App'x 519, 521 (9th Cir. 2017) (Social Security claimant waived an argument by failing to raise it in her opening brief) (citing *Rizk v. Holder*, 629 F.3d 1083, 1091 n.3 (9th Cir. 2011)); *see also, e.g., Kumar v. Berryhill*, 2017 WL 6028701, *1 n.3 (C.D. Cal. Dec. 5, 2017) (Gandhi, M.J.) ("Any issue not raised in the Joint Stipulation may be deemed to have been waived."). **It is the Joint Stipulation which conclusively defines the issues that are properly before the district court on appeal from a Social Security benefits decision.** *See Zueger v. Astrue*, 2010 WL 3984807, *1 (C.D. Cal. Oct. 12, 2010) ("*As reflected in the Joint Stipulation*, the disputed issues that Plaintiff raises as grounds for reversal are: . . . .") (italics added).

At the latest, plaintiff reasonably could have sought leave to assert a new claim by filing an amended stipulation in the two and a half months between the filing of the Joint Stipulation and the issuance of the R&R. Plaintiff failed to do so.

The Ninth Circuit has held that a district court may be obligated to consider a novel claim made by a *pro se* party -- if the claim is made with regard to a new statute or in an otherwise unsettled and recently evolving area of the law -- even if it is not raised until objections to an R&R. *See Sossa v. Diaz*, 729 F.3d 1225, 1230-31 (9th Cir. 2013) (applying *Brown v. Roe*, 279 F.3d 742, 744 (9th Cir. 2002)); *see also Jones v. Blanas*, 393 F.3d 918, 935 (9th Cir. 2004). Here, however, plaintiff was not proceeding pro se. Nor is his new critique of the ALJ based on authority or evidence that first became available after the filing of the Joint Stipulation. The limited exception recognized in *Brown* and progeny does not apply.

Thus, plaintiff is subject to the rule that objections to an R&R are not a proper vehicle for new arguments. *See Kolby v. Herrick*, 849 F.3d 1273, 1279 (9th Cir. 2017) (cite omitted); *Montalvo v. Werlizh*, 461 F. App'x 818, 819 (10th Cir. 2012) (affirming

and noting, "[t]he district court dismissed the petition without prejudice because Mr. Montalvo's argument . . . came too late – in objections to" R&R); *Davis v. Ponce*, 2018 WL 2146390, *1 (C.D. Cal. May 8, 2018) ("[T]his court ordinarily refuses to . . . consider claims raised for the first time in objections to an R&R.").

## ORDER

Plaintiff's Objection to the R&R is **OVERRULED**.

The Report and Recommendation is **ADOPTED**.

Defendant's denial of Matthew Lee Kealey's application for Supplemental Security Income benefits is **AFFIRMED**.

Per Fed. R. Civ. P. 58(a), judgment will be entered as a separate document.

The case shall be TERMINATED (JS-6).

Dated: October 17, 2018

_____
VALERIE BAKER FAIRBANK
Senior United States District Judge